UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND HANKERSON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No.: 05-5351 (JLL) <br><br><br> **O P I N I O N & O R D E R** |

      Petitioner Desmond Hankerson, a federal prisoner filing pro se, commenced this action on November 10, 2005 by submitting a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Petitioner's filing essentially asserts ineffective assistance of counsel for failure to file an appeal of Petitioner's sentence as was requested, and seeks an evidentiary hearing regarding whether he requested that counsel file an appeal on his behalf. By Order to Answer, dated March 13, 2006, this Court ordered Respondent to file an Answer to this petition. On April 13, 2006, Respondent filed a brief asserting that, in accordance with Solis v. United States, 252 F.3d 289 (3d Cir. 2001), Petitioner may be entitled to an evidentiary hearing limited in scope to determining whether Petitioner's counsel, Paul Bergrin, Esq., failed to appeal the conviction, despite Petitioner's request. Presently before this Court is Petitioner's application for this Court to appoint counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. 3006A, to assist in this matter on grounds that Petitioner lacks the ability and resources to present an effective case. The Court has considered the Petitioner's application and for the reasons set forth below, Petitioner's request for appointment of counsel is granted, since an evidentiary hearing is

warranted.

Petitioner possesses neither a constitutional nor a statutory right to appointed counsel in this federal habeas corpus proceeding.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings"); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984), cert. denied, 469 U.S. 823 (1984) (finding appellant not entitled to attorney pursuant to the Sixth Amendment because state post-conviction proceedings are civil in nature, where the Sixth Amendment only applies to criminal cases).  The Court does, however, have the authority to appoint counsel in its discretion pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3006A(2)(B).

18 U.S.C. § 3006A(2)(B) provides that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  The Third Circuit has explained that in exercising its discretion under section 3006A,

> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

---

[1] Section 3006A(2) provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . .(B) is seeking relief under section 2241, 2254, or 2255 of title 28."

Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991), cert. denied, 503 U.S. 988, 118 L. Ed. 2d 396, 112 S. Ct. 1679 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d) (citations omitted).   This is essentially the same standard that is applied under 28 U.S.C. § 1915(e).[2]  See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In addition, the Court must appoint counsel in instances where an evidentiary hearing is required, see Rule 8(c) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255, or where counsel is "necessary for effective discovery," see Rule 6(a) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255, so long as the petitioner "qualifies to have counsel appointed under 18 U.S.C. § 3006A".  In accordance with Third Circuit precedent, "Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning [a] petitioner's entitlement to relief."  Solis, 252 F.3d at 294.

According to Respondent, the record does not conclusively contradict Petitioner's allegation that his attorney failed to file an appeal.  If his attorney did fail to file an appeal at Petitioner's request, and no direct appeal was taken, then Petitioner's "Sixth Amendment right to counsel was violated by his counsel's failure to act."  Id.  Nevertheless, a petitioner is not entitled to an evidentiary hearing where the allegations are patently frivolous or his allegations are contradicted conclusively by the record.  Id. at 295.  Here, based on representations by Respondent, the allegations are not patently frivolous nor contradicted conclusively by the record.  Respondent's brief asserts that it advised Mr. Bergrin of Petitioner's Complaint, and that he responded via voice mail "indicating that his firm was supposed to have filed a notice of appeal for Petitioner, but apparently forgot to do so.  Counsel further indicated that it was his

---

[2]See also Loc. Civ. R. 54.3, Comment 4.

understanding that Petitioner was then going to file Petitioner's own appeal." (Resp. Br. at 4). An evidentiary hearing will therefore be held "to determine whether [Petitioner] requested or reasonably demonstrated to counsel that he desired to appeal." Solis, 252 F.3d at 294.

"A new opportunity to appeal is the remedy for petitioner's alleged ineffective assistance of counsel." Id. at 294. Therefore, if after the evidentiary hearing, the Court is left with the conclusion that Petitioner's counsel was ineffective for failing to file a Notice of Appeal,[3] then Petitioner will "be given the opportunity nunc pro tunc to brief his direct appeal in full." Id. at 295.

Here, Petitioner has requested an evidentiary hearing, and by way of application to proceed in forma pauperis, Petitioner has established himself as "financially eligible" for the appointment of counsel. Moreover, Respondent even agrees that there are disputed issues of fact relating to whether Petitioner did in fact request counsel to file an appeal, thus necessitating an evidentiary hearing.

**THEREFORE IT IS** on this 19th day of April, 2006, hereby

**ORDERED** that the above entitled action is referred to the Honorable Ronald J. Hedges, U.S.M.J., pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255, for the purpose of conducting the evidentiary hearing required by Solis v. United States, 252 F.3d 289 (3d Cir. 2001), and to recommend the appropriate relief, concerning Petitioner's claim that his counsel unreasonably failed to file a Notice of Appeal on Petitioner's behalf within the time period for doing so; and it is further

**ORDERED** that Petitioner's application for appointment of counsel is **GRANTED** for

---

[3] Any other ineffective assistance claims, if still viable after an appeal, could be raised in a future § 2255 petition. Id. at 295.

purposes of the aforementioned evidentiary hearing; and it is further

**ORDERED** that pursuant to Title 18 U.S.C. § 3006A(a)(2)(B) that the Federal Public Defender's Office is appointed to represent the above-captioned individual in his 28 U.S.C. § 2255 evidentiary hearing before Magistrate Judge Hedges; and it is further

**ORDERED** that Paul Bergrin, Esq., former counsel to Petitioner, shall appear at the above date and time and give testimony, if necessary; and it is further

**ORDERED** that the Court relieves Mr. Bergrin of the strictures of the attorney-client privilege, insofar as relevant to the claims at issue in this evidentiary hearing; and it is further

**ORDERED** that the United States of American shall file an Answer to said petition, if necessary, by a date to be set by the Court following the conclusion of the evidentiary hearing.

DATED: April 19, 2006                                 /s/ Jose L. Linares
                                                      JOSE L. LINARES, U.S.D.J.